## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT KNOXVILLE
_____

|  |  |  |
|---|---|---|
| **JEANNIE FARROW,** | ) | Knox County Circuit Court |
|  | ) | No. 3-494-95 |
| Plaintiff/Appellant. | ) |  |
|  | ) |  |
| VS. | ) | C. A. NO. 03A01-9603-CV-00089 |
|  | ) |  |
| **WARREN G. REED,** | ) |  |
|  | ) |  |
| Defendant/Appellee. | ) |  |
|  | ) |  |

**FILED**

**September 4, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Circuit Court of Knox County at Knoxville.
**Honorable Wheeler A. Rosenbalm, Judge**

**Carl R. Ogle, Jr.**, Jefferson City, Tennessee
Attorney for Plaintiff/Appellant.

**Debby A. Thompson**,
**J. Tucker Montgomery**,
MONTGOMERY & THOMPSON, Knoxville, Tennessee
Attorneys for Defendant/Appellee.

OPINION FILED:

**AFFIRMED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.** : (Concurs)
**LEWIS, J.** : (Concurs)

In this medical malpractice action, Plaintiff-Appellant, Jeannie Farrow ("Farrow" or "Plaintiff"), appeals the trial court's judgment granting the Motion for Summary Judgment filed by Defendant-Appellee, Warren G. Reed ("Dr. Reed" or "Defendant").

On December 31, 1991, Dr. Reed performed out-patient surgery on Farrow to correct a dislocated second digit of her right foot. During the surgery, Dr. Reed placed a 26-gauge monofilament wire in Farrow's toe to hold the bones in place while they healed.

On July 26, 1994, Farrow consulted another doctor, who examined Farrow's right foot. The amended complaint alleges that the doctor informed Farrow that a "foreign object" had been placed in the second digit of Farrow's right foot and, further, that a different toe also had been broken and/or dislocated.

On July 25, 1995, Farrow sued Dr. Reed for negligence. In her amended complaint, Farrow alleged that Dr. Reed negligently placed a foreign object in the second digit of Farrow's right foot and negligently allowed the foreign object to remain there. Farrow also alleged that Dr. Reed's actions constituted fraudulent concealment in that Dr. Reed "never informed [Farrow] of the foreign object or of the [additional] broken and/or dislocated toe but instead constantly informed and advised [Farrow] that her foot was healing properly."

Dr. Reed subsequently filed a Motion for Summary Judgment on the grounds that Farrow's malpractice action was barred by the three-year statute of repose contained in T.C.A. § 29-26-116 (1980). The trial court agreed and granted Dr. Reed's motion.

On appeal, Farrow presents the following issue for review:

Whether the circuit judge erred in finding that the plaintiff's complaint was barred on the statute of limitations and repose grounds and further finding that the foreign object and the fraudulent concealment exception did not apply.

As pertinent, section 29-26-116 provides that:

(3)  In no event shall any [malpractice] action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

(4)  The time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered.

T.C.A. § 29-26-116 (1980).

We first reject Farrow's contention that the "foreign object" exception saves this action from being time-barred by the three-year statute of repose.  The Supreme Court has held that the "foreign object" exception found in section 29-26-116(4) applies only "to cases where something never intended to be inserted at all or something only temporarily utilized was negligently permitted to remain in a patient's body, such as a clamp or sponge following surgery."  *Hall v. Ervin*, 642 S.W.2d 724, 727 (Tenn. 1982).  The exception does not apply "to an object which [has] been deliberately implanted . . . , such as an intra-uterine contraceptive device, a pacemaker, dental work or other devices knowingly and intentionally inserted and intended to remain for an indefinite period of time."  *Id.*

Here, Dr. Reed's uncontradicted affidavit filed in support of his Motion for Summary Judgment stated that he intended to place the wire in Farrow's toe during surgery and that he intended for the wire to remain in the toe permanently.  Accordingly, the "foreign object" exception does not apply in this case.

We likewise reject Farrow's contention that the fraudulent concealment exception prevents her action from being time-barred.  In order to establish fraudulent concealment in a malpractice case, the plaintiff must show that "the physician had knowledge of the wrong done and concealed such information from the patient."  *Housh v. Morris*, 818 S.W.2d 39, 43 (Tenn. App. 1991).  "Knowledge on the part of the physician of the facts giving rise to a cause of action is an essential element of fraudulent concealment."  *Benton v. Snyder*, 825 S.W.2d 409, 414 (Tenn. 1992).

In this case, Dr. Reed's affidavit stated that he diagnosed Farrow's dislocated toe by viewing x-rays taken four months after Farrow's injury. At that time, "[n]o associated fractures were seen." Although Farrow's complaint asserted that a second doctor diagnosed an additional broken and/or dislocated toe in July 1994, the record contains no evidence that Dr. Reed knew of the additional injury or that the injury existed in December 1991 when Dr. Reed viewed Farrow's x-rays and made his diagnosis. Accordingly, no evidence has been presented to support Farrow's fraudulent concealment theory.[1]

The judgment of the trial court is affirmed. Costs are assessed against Farrow, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LEWIS, J. (Concurs)

---

[1] In ***Byrd v. Hall***, 847 S.W.2d 208, 215 (Tenn. 1993), the Supreme Court explained the burden placed on the nonmoving party in a summary judgment proceeding:

> When the party seeking summary judgment makes a properly supported motion, the burden then shifts to the nonmoving party to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03 [T.R.C.P.], establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary. The nonmoving party may not rely upon the allegations or denials of his pleadings in carrying out this burden as mandated by Rule 56.05.